IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DEANN PROFFITT                                                                                    PLAINTIFF

      v.                                            CIVIL NO. 08-5024

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                DEFENDANT

### MEMORANDUM OPINION

Plaintiff Deann Proffitt brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.**     **Procedural Background:**

Plaintiff protectively filed her application for DIB on January 9, 2006, alleging an inability to work since November 1, 2004, due to diabetes mellitus with peripheral neuropathy, hypertension, pain in her hands/arm and depression. (Tr. 48-50). For DIB purposes plaintiff maintained insured status through March 31, 2007. (Tr. 13). An administrative hearing was held on May 21, 2007, at which plaintiff appeared with counsel. (Tr. 229-246).

By written decision dated July 30, 2007, the ALJ found that during the relevant time period plaintiff had an impairment or combination of impairments that were severe. (Tr. 13). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing

of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 19). The ALJ found plaintiff retained the residual functional capacity (RFC) to "lift and/or carry 20 pounds occasionally and 10 pounds frequently; only occasional climbing; normal work day breaks." With the help of a vocational expert, the ALJ determined plaintiff could perform her past relevant work as a bank teller, a recruiter and a substitute teacher. (Tr. 23).

Plaintiff then requested a review of the hearing by the Appeals Council, which denied that request on November 30, 2007. (Tr. 2-4). Subsequently, plaintiff filed this action. (Doc.1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 2). Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. 4,7).

## II. Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §404.1520.

### III.  Discussion:

After reviewing the record, the undersigned is particularly troubled by the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. §

404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

When determining RFC, the ALJ must identify plaintiff's functional limitations or restrictions and assess her work-related abilities on a function-by-function basis, including the functions of sitting, standing, walking, lifting, carrying, pushing and pulling. *Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003); S.S.R. 96-8p, 1996 WL 374184, at *1; 20 C.F.R. § 404.1545. The ALJ found plaintiff maintained that RFC to "lift and/or carry 20 pounds occasionally and 10 pounds frequently; only occasional climbing; normal work day breaks." In the body of the decision, the ALJ states plaintiff can perform "light work - that is she can only lift and/or carry 20 pounds occasionally and 10 pounds frequently, with only occasional

climbing." (Tr. 19). This decision never addresses plaintiff's ability to sit, stand and walk during an eight-hour period.[1]

The lack of specificity regarding plaintiff's ability to sit, stand and walk is troubling. Plaintiff argues the ALJ erred in not giving Dr. Jennifer Bingham's opinion controlling weight when determining plaintiff's RFC.  After reviewing the record, we find substantial evidence supports the ALJ's determination that Dr. Bingham's opinion that plaintiff has severe limitation with the use of her hands is not supported by the objective evidence as a whole.  However, regarding the use of plaintiff's lower extremities, Dr. Bingham is not the only examining physician to find plaintiff has limitations.  In May of 2006, Dr. Cygnet Schroeder, the consultative examining physician, opined plaintiff would have difficulty doing any kind of climbing and that ambulation may be limited at greater distances. (Tr. 186). This coupled with Dr. Steven Moon's diagnosis of small fiber sensory neuropathy after examining plaintiff and reviewing Nerve Conduction Studies clearly shows plaintiff has objective evidence to support her claim that she has difficulty with the use of her lower extremities. (Tr. 126). As the ALJ did not specifically address plaintiff's ability to sit, stand and walk and the evidence clearly substantiates a lower extremity impairment, we believe remand is warranted so that the ALJ can adequately address any limitations regarding plaintiff's lower extremities.

While on remand, we strongly suggest the ALJ direct interrogatories to Drs. Schroeder and Moon asking them to review plaintiff's medical records and complete a RFC assessment regarding plaintiff's capabilities during the time period in question.

---

[1] We note, in the hypothetical proposed to the vocational expert the ALJ states that hypothetical individual would be able to sit, stand and walk for six hours each in an eight-hour period but he did not specify in the decision (Tr.

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

While on remand the ALJ should obtain evidence to clarify the specific demands of plaintiff's past relevant work; and to determine if plaintiff's limitations will affect her ability to perform this work. *See Ingram v. Chater*, 107 F.3d 598, 604 (8th Cir. 1997) ("The ALJ must make explicit findings regarding the actual physical and mental demands of the claimant's past work. Then, the ALJ should compare the claimant's residual functional capacity with the actual demands of the past work..."); SSR 82-61, 1982 WL 31387 (S.S.A.). If after proper review of an adequately developed record, the ALJ finds that plaintiff cannot return to her past relevant work, the burden will shift to the Commissioner to prove the existence of other jobs in the national economy that plaintiff can perform. *Sells v. Shalala,* 48 F.3d 1044 (8th Cir. 1995).

### IV.  Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 6th day of February 2009.

/s/  *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)